IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JERRY EARL WHITE, #1086037 | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-03-921 |
| | § | |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID[1] | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Jerry Earl White, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). Respondent filed an Answer seeking the dismissal of Petitioner's writ. (Instrument No. 7). Petitioner filed no response to Respondent's Answer. Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 10th Judicial District Court of Galveston County, Texas in Cause No. 99CR2045. Petitioner was indicted for the felony offense of delivery of a controlled substance, to wit cocaine in a drug-free zone. A jury, after hearing all the evidence, found Petitioner guilty as charged in the indictment and

---

[1] The previous named Respondent in this action was Doug Dretke. Effective June 1, 2006, Nathaniel Quarterman succeeded Doug Dretke as Director of the TDCJ-CID and, under Rule 25(d)(1) of the Federal Rules of Civil Procedure, is automatically substituted as a party.

1

assessed his punishment at ten (10) years confinement. Judgment was entered on June 1, 2000.

Petitioner appealed his conviction. The court of appeals affirmed his conviction on October 18, 2001. *White v. State*, 59 S.W.3d 368 (Tex.App.–Houston [1st Dist.] 2001, pet. ref'd). Petitioner filed a Petition for Discretionary Review ("PDR"), but the Texas Court of Criminal Appeals ("TCCA") refused review on March 6, 2002, and also refused his motion for rehearing on May 1, 2002. *White v. State*, PDR No. 2296-01.

On April 21, 2003, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The state court reviewed Petitioner's state writ claims and submitted findings of fact and conclusions of law to the TCCA. The TCCA denied Petitioner's state writ without written order on September 3, 2003. *Ex parte White*, WR-56,346-01.

Petitioner filed the instant habeas writ on September 20, 2003. Petitioner alleges he is entitled to federal habeas relief based on the following grounds:

> (1) his conviction was obtained by the prosecutor's withholding of evidence favorable to the defendant in that the prosecutor failed to tell him about the amendments to the indictment, to which amendments Petitioner's trial counsel agreed; and
>
> (2) his conviction was the result of ineffective assistance of counsel due to the following:
> > (a) the trial court denied Petitioner's motion to dismiss counsel and to quash the indictment; and
> >
> > (b) defense counsel agreed to amend the name and location of the school without telling the defendant about the consequences of the amendments.

Fed. Writ Pet. at 6, 7. The Court will address each issue in turn.

Claim No. 1 (*Brady* Issue) & Claim No. 2(a)

The AEDPA requires that a prisoner who seeks habeas relief in federal court must first exhaust all remedies available to him in state court. 28 U.S.C. § 2254. All the grounds raised in a federal writ must have been fairly presented to the state courts. *Picard v. Conner*, 404 U.S. 270, 275 (1971). In this case, Petitioner never raised in his state writ the claim that the prosecutor withheld evidence or the claim that he received ineffective assistance of counsel because his attorney failed to file several pre-trial motions (*i.e.*, a motion to quash the indictment, a motion for speedy trial, and a motion to dismiss counsel), thereby prompting Petitioner to have to file these motions, all of which were denied by the trial court. The instant writ is, therefore, a "mixed petition" that ordinarily would be dismissed without prejudice for the failure to exhaust administrative remedies. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, the exhaustion requirement is satisfied if an unexhausted claim would be procedurally barred under state law. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998).

Under Texas law, Petitioner could not present these unexhausted claims in a second post-conviction habeas writ because it would be deemed a successive petition barred by state law. Tex. Code Crim. Proc. Article 11.07, § 4. Texas courts regularly uphold such procedural bars. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). To overcome this bar, Petitioner must demonstrate either cause and prejudice or show that a fundamental miscarriage of justice would result from the Court's failure to consider his claims. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Fearance*, 56 F.3d at 642. He has made no attempt to demonstrate either prong of this requirement. Petitioner's claims are procedurally barred.

The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** on these points.

Claim No. 2(b) (Ineffective Assistance of Trial Counsel)

Petitioner alleges he received ineffective assistance of counsel because his attorney failed to object to the amendment of the indictment and, in fact, agreed to the change. The Sixth Amendment to the Constitution provides criminal defendants a right to effective assistance of counsel. U.S. CONST., Amend. VI. It does not, however, guarantee a criminal defendant errorless representation. *Moreno v. Estelle*, 717 F.2d 171, 176 (5th Cir. 1983). To successfully state a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner's failure to establish either prong of *Strickland* necessarily requires a finding that counsel's performance was constitutionally effective. *Id.* at 687.

When determining whether counsel's performance was deficient, courts will "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id.* at 689; *see also, Wilkerson v. Collins*, 950 F.2d 1054, 1064 (5th Cir. 1992) (a reviewing court should be highly deferential to the trial attorney's conduct and presume that assistance was reasonably effective). Furthermore,"[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chose that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (*quoting Garland v. Magio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)); *see also*, *Moreno*, 717 F.2d at 177 (counsel will not be deemed ineffective for failing to advance a defensive theory when his decision was a reasonable strategic choice based upon a "professional assessment of the plausibility of the defense and its likelihood of success at trial"). Therefore, when making the


determination, the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. *Strickland*, 466 U.S. at 688 (an ineffective claim is judged not by isolating a portion of counsel's representation, but on the totality of the representation).

The second prong of the test requires a petitioner to show prejudice. To establish prejudice, a petitioner must establish that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" means a probability sufficient to undermine the confidence in the outcome. *Id*. A petitioner must "affirmatively prove prejudice." *Id.* at 693. A petitioner cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Nor can a petitioner rely on conclusory allegations to satisfy this prong. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Finally, when there has been an adjudication on the merits in state court, as there has been here, a federal court may not grant habeas relief unless it decides that the state court's application of the *Strickland* standard was "objectively unreasonable." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 409-10 (2000). In making this determination, a federal court's focus is on the state court's ultimate legal conclusion, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). Furthermore, in reviewing a state prisoner's federal habeas application,"a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998).

Turning to Petitioner's specific claim, he alleges that counsel was ineffective for not objecting to and instead allowing the name and location of the school to be changed from "Saint John's Lutheran School" to "Saint John's School." Fed. Writ Pet. at 7. Petitioner appears to assert that had counsel objected to the change, he would not have been convicted because, as originally alleged, the entity did not formally exist. *Id.* Petitioner's claim is without merit.

A criminal defendant is guaranteed the right to know the allegations against him contained in an indictment returned by the grand jury and to have a copy of the indictment. Tex. Const. Art. I, § 10. An indictment vests the trial court with jurisdiction and provides the defendant with notice of the offense with which he is charged so that he may prepare, in advance of trial, an informed and effective defense. *Riney v. State*, 28 S.W.3d 561, 565 (Tex.Crim.App. 2000).

Article 28.10 of the Texas Code of Criminal Procedure prescribes the manner in which an indictment may be amended. Article 28.10, in relevant part, provides that "[a] matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object." Tex.Code Crim. Proc., Art. 28.10(b). Subsection (c) further provides that "[a]n indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." Tex.Code Crim. Proc., Art. 28.10(c). Interpreting the statute, the Texas Court of Criminal Appeals has held that an amendment to an indictment to change the name of the owner of property that was the subject of the theft charge did not charge an additional or "different offense" in violation of the statute and, therefore, was not objectionable. *Flowers v. State*, 815 S.W.2d 724, 727-29 (Tex.Crim.App. 1991).

6

Even though not charging an additional or different offense, however, an amendment may still be objectionable if the substantial rights of the defendant are prejudiced. *Flowers*, 815 S.W.2d at 729.  A defendant's substantial rights will be prejudiced if, for example, the change "might reflect an entirely different incident as the basis for the allegation" or otherwise impact defendant's ability to prepare a defense or alter defense counsel's trial strategy. *Id.*; *see also Trujillo v. State*, 809 S.W.2d 593, 595 (Tex.App.–San Antonio, 1991, no pet.).

A review of the state court records reflects that defense counsel did agree to amend the indictment by removing the word "Lutheran" from the name of the school,[2] but does not support Petitioner's claim that any such agreement or change was made to the location of the school. (Clerk's Record ("C.R.") at 2).  Merely changing the name of the school to remove the word "Lutheran," however, clearly was not an amendment in the indictment that charged Petitioner with an additional or different offense.  *See Flowers v. State*, 815 S.W.2d at 727-29.  Furthermore, the record does not reflect that the change prejudiced the substantial rights of the Petitioner.  He presents no evidence that the change misled any of the parties involved about the existence, identity, or location of the school where the drug transaction occurred, nor did the change reasonably alter the trial strategy of the defense or his ability to prepare a defense.  (Trial Transcript ("T.T."), Vol. 4 at 36:1-7).

Even assuming arguendo that counsel's performance was deficient in failing to object to the state's motion to amend under article 28.10 of the Texas Code of Criminal Procedure, thereby requiring the trial court to deny the motion and proceed under the original indictment with the word

---

[2] The record reflects this change was agreed to by the parties on the record and that the indictment itself was then amended by crossing out the word "Lutheran" from the name of the school and initialing the change.

7

"Lutheran" included as part of the name of the school, Petitioner has failed to establish that he would not have been convicted.[3] In reviewing the state court records, it is abundantly clear that both parties knew which school was involved and no issue was raised concerning either the identity or address of the school. Although defense counsel did challenge the accuracy of the measurements between the school and the drug transaction site, there was no dispute about the identity or location of the school.

Inasmuch as the amended indictment did not charge an additional or different offense, or prejudice his substantial rights, Petitioner has not shown that any objection by counsel would have been meritorious or that, had he objected, the actions taken by his attorney would have been granted or successful. *See Westley v. Johnson*, 83 F.3d 714, 722 (5th Cir. 1996) (counsel is not ineffective for failing to make frivolous objections); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (same).

Petitioner also appears to claim that counsel was ineffective for failing to challenge the indictment as defective because the word "owner" was removed from the indictment, which had the effect of removing it from the enhancement of a 3rd degree felony into a lesser offense. Pet'r Brief in Support of Fed. Writ Pet. 7. The Court observes that the word "owner" was not removed from the indictment and, as such, Petitioner's claim has no basis. However, to the extent that Petitioner is alleging that there was a variance between the indictment and the jury charge and that counsel was ineffective for failing to object to any such variance, the Court will proceed to address this issue.

---

[3] The Court observes that there was testimony at trial that St. John's Lutheran Church owned the property on which St. John's School, a private Lutheran school, was operated. As defined under Texas law, a school is "a private or public elementary or secondary school or a day-care center" and there is "no restriction on the type of ownership or organizational structure" of a school. Furthermore, when interpreting the statute, the Texas court explained that "the Legislature intended to adopt an operational definition, thereby protecting all school property even if the operating entity is a church." *White v. State*, 59 S.W.3d 368, 370-71 (Tex.App.–Houston [1st Dist.] 2001).

The law is well established that after an indictment has been returned, the charges against a defendant may not be broadened by way of a jury charge. *United States v. Nunez*, 180 F.3d 227, 230 (5th Cir. 1999). "A court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Id*. (quoting *Stirone v. United States*, 361 U.S. 212, 215-16 (1960)). "[A] constructive amendment of the indictment is a reversible error per se if there has been a modification at trial of the elements of the crime charged." *Id*. at 230-31. However, not every variance between the indictment and the jury charge amounts to reversible error. *Id.* at 231. If it is clear that the defendant was not tried for a crime other than that alleged in the indictment, the failure to restrict the jury charge to the words of the indictment is merely a flaw in the trial that does not prejudice the defendant. *Id*.

In the present case the indictment charged Petitioner with delivery of a controlled substance "within 1,000 feet of premises owned by Saint John's School." Although Petitioner claims that the indictment was amended to remove language concerning the ownership of the premises, as discussed, no such changes are reflected in the record. In addition, consistent with the indictment, the jury charge similarly required a jury finding that Petitioner committed the offense if the evidence produced at trial established that the offense occurred "within 1,000 feet of premises owned by St. John's School." (C.R. at 2; 56-59; T.T., Vol.4 at 18-20). To the extent that Petitioner contends that the verdict form stated that the defendant was guilty of the offense of delivering cocaine "within 1,000 feet of a school as charged in the indictment"(C.R. at 60; T.T., Vol.4 at 24), any such variance would not constitute reversible error as it merely refers back to the indictment. Accordingly, defense counsel's was not deficient for failing to object. However, even assuming arguendo that counsel's

failure to object was deficient, Petitioner's conclusory allegations of prejudice are insufficient. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994); *Schlang v. Heard*, 691 F.2d at 799.

Finally, even to the extent that Petitioner's claim that his attorney was ineffective on other grounds (*i.e.,* failing to file various motions and failing to adequately cross-examine Officer Watson regarding the measurements) was not procedurally barred, Petitioner fails to establish, under either prong of *Strickland*, that he received constitutionally ineffective assistance.

The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** on the ineffective assistance of counsel claims.

## CONCLUSIONS

For all the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Petition for a Writ of Habeas Corpus of Jerry Earl White (Instrument No. 1) be **DISMISSED** in its entirety.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **January 26, 2007**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____8th_____ day of January, 2007.

_____
John R. Froeschner
United States Magistrate Judge