IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JERRY EARL WHITE, #1086037 | § § § | |
| v. | § § § § § | CIVIL ACTION NO. G-03-921 |
| NATHANIEL QUARTERMAN, DIRECTOR OF TDCJ-CID | § § | |

**ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge that was entered on January 8, 2007, which recommends the dismissal of Petitioner's federal habeas Petition in its entirety. The parties were given until January 26, 2007, to have written objections to the Report and Recommendation physically on file in the Office of the Clerk. Petitioner has not filed Objections. It has come to this Court's attention, however, that the Report and Recommendation was returned to the Clerk's Office on January 17, 2007, because Petitioner was no longer at the address he previously provided to the Clerk. Petitioner was apparently released from prison and placed on parole on or about July 5, 2005. A review of the Court's docket reflects that at no time since his release in 2005, has Petitioner ever filed a change of address with the Clerk, as he was required to do, during the pendency of this action. Petitioner was previously warned in the Magistrate Judge's Show Cause Order that his failure to *immediately* notify the Clerk and each Respondent's counsel in writing of any change of address would be interpreted by the Court as a failure to prosecute and could result in the dismissal of his action. This Court concludes that,

although he has had ample time to do so, Petitioner's complete failure to comply with the Court Order requiring him to notify the Clerk of any change of address, is interpreted as a failure to prosecute and, on this basis, his Petition (Instrument No. 1) is **DISMISSED** for want of prosecution.

In the alternative, this Court concludes that Petitioner's writ is subject to dismissal based on the merits. Having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), this Court finds that the Report and Recommendation is correct and it is, therefore, **ACCEPTED** by this Court in its entirety and incorporated by reference herein. Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus of Jerry Earl While (Instrument No. 1) is **DISMISSED** with prejudice.

**DONE** at Galveston, Texas this 24th day of January, 2007.

_____
Samuel B. Kent
United States District Judge